CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Received: 4/2/2021

Sent to Chambers: 4/6/2021

TO:   **Judge** KBJ

RE:   Criminal Action No.: 21-cr-22 (KBJ)

Please indicate on the face of **each document** whether leave to file is granted or denied.

Thank you

ANGELA D. CAESAR, Clerk of Court

By: B. Bryant

**Attachment(s):**

Motion to Intervene

CO-930A
(Rev. 9/2011)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER,<br><br>Defendant.<br><br>CABLE NEWS NETWORK, INC., AMERICAN BROADCASTING COMPANIES, INC. d/b/a ABC NEWS, THE ASSOCIATED PRESS, DOW JONES & COMPANY, INC., NATIONAL PUBLIC RADIO, INC., PRO PUBLICA, INC., TEGNA, INC., and WP COMPANY LLC, d/b/a THE WASHINGTON POST,<br><br>Proposed Intervenors. | Case No. 1:21-cr-22-KBJ<br><br>Let this be filed<br><br>4/6/2021<br><br>*Ketanji Brown Jackson*<br>United States District Judge |

## MOTION TO INTERVENE

Pursuant to Local Criminal Rule 47, Proposed Intervenors Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Dow Jones & Company, Inc., publisher of The Wall Street Journal, National Public Radio, Inc., Pro Publica, Inc., Tegna, Inc., and WP Company LLC d/b/a The Washington Post (together, the "Press Coalition") respectfully move to intervene in this matter for the limited purpose of protecting their First Amendment right to challenge, in advance, any contemplated "gag order" – *i.e.*, any restriction on the parties, witnesses, or attorneys in their extrajudicial communications – as the Court indicated in setting a hearing for April 6, 2021. Specifically, the Press Coalition requests that the Court (1) permit its counsel to appear on its behalf at the April 6, 2021 hearing; and (2) allow it to file supplemental briefing pursuant to Local Criminal Rule 57.6, if necessary, raising specific objections to and seeking relief as to any proposed gag order in advance of its entry in this case. In support of this motion the Press Coalition states as follows:

## BACKGROUND

This action is one of many criminal cases pending in this District against defendants accused of committing violent crimes during the January 6, 2021 riot at the United States Capitol. On March 23, 2021, in another of those cases, the Honorable Amit P. Mehta ordered counsel to appear for a hearing on "recent statements to the media about these proceedings." Minute Order, *U.S. v. Caldwell*, No. 21-cr-28 (D.D.C. Mar. 23, 2021). At that hearing, Judge Mehta "recommend[ed] to everyone that they read Local Criminal Rule 57.7, which places some parameters around what public comments counsel, both government and defense, can make about a pending criminal investigation or a pending criminal case." Mar. 23, 2021 Hrg. Tr. at 8:17-21, *U.S. v. Caldwell*. Judge Mehta admonished the parties' counsel that he "intend[s] to enforce that rule vigorously," *id.* at 8:21, and that he "will not hesitate to sanction any attorney that violates our Local Rules for making statements about this pending criminal case or pending criminal investigations," *id.* at 8:13-16. Judge Mehta added that, if further circumstances warranted, he would "consider a gag order." *Id.* at 8:8-12.

The following day, this Court set a status conference in this case for April 6, 2021 at 2:30 PM (the "April 6 Hearing"). The Court ordered the parties to come to the April 6 Hearing "prepared to discuss whether the Court should enter an order pursuant to Local Criminal Rule 57.7(c), which authorizes the restriction of 'extrajudicial statements by parties, witnesses, and attorneys' concerning 'a widely publicized or sensational criminal case,' where, among other things, such statements are 'likely to interfere with the rights of the accused to a fair trial by an impartial jury,'" *i.e.*, a gag order. *See* Minute Order (Mar. 24, 2021) (quoting LCrR 57.7(c)).

As the U.S. Supreme Court and the U.S. Court of Appeals for the District of Columbia Circuit have recognized, the press, on behalf of the public, has the right to intervene and be heard where, as here, a Court's decision may have an impact on public access to court proceedings and

records.  The Press Coalition therefore respectfully moves to intervene in this case for two limited purposes: to request that its counsel also be permitted to appear and be heard at the April 6 Hearing, and to ensure that it will have an opportunity, if necessary, to submit supplemental briefing to address with the Court and the parties any concerns it may have with a proposed gag order, prior to its entry.

## ARGUMENT

### I. The Press May Intervene For The Limited Purpose Of Challenging A Gag Order

It is well settled that members of the press, like members of the public, have standing under the First Amendment to challenge proposed restrictions on the right of access to information about judicial proceedings and records, and moreover that they are entitled to notice and an opportunity to be heard before a court actually imposes such a restriction.  *See Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (before the court restricts the constitutional right of access to judicial proceedings, "representatives of the press and general public must be given an opportunity to be heard") (internal marks and citations omitted); *Washington Post v. Robinson*, 935 F.2d 282, 288-89 (D.C. Cir. 1991) (courts must "give the public and press an opportunity to intervene and present their objections to the court" before restricting their constitutional or common law rights access rights).

Gag orders clearly operate as such a restriction.  *See In re Stone*, 940 F.3d 1332, 1340 (D.C. Cir. 2019) (noting that "[o]ften, where a gag order restricts speech about a case, the nonparties challenging the order are members of the press.").  The First Amendment therefore requires that the press receive notice and an opportunity to be heard before a court enters any order prohibiting extrajudicial communications.  *See, e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983); *CBS Inc. v. Young*, 522 F.2d 234, 237-38 (6th Cir. 1975) (observing that after entry of a gag order the

3

media's ability to "gather the news concerning the trial is directly impaired or curtailed," and that "[t]he protected right to publish the news would be of little value in the absence of sources from which to obtain it").

Because the Court has indicated that it may consider entering a gag order, it should allow the Press Coalition to intervene and advocate for its First Amendment rights in this case.

## II. Any Gag Order Must Comply With The First Amendment

Though the Court has at this point only called on the parties to be "prepared to discuss whether the Court should enter [a gag order]," the Press Coalition would respectfully note that any "gag order restraining trial participants" must be "properly justified" under precedent. While a gag order does not directly restrain the press, the courts recognize that a restriction on the parties also must satisfy the First Amendment. *See United States v. Morrow*, 2005 U.S. Dist. LEXIS 8330, at *20 (D.D.C. Mar. 21, 2005) (collecting cases, denying requested gag order, and noting that "[m]ost courts that have analyzed the issue have required that pretrial publicity pose a 'reasonable likelihood' of prejudicing the defendant's right to a fair trial before entering a gag order").[1]

Proper justification for a gag order necessarily also includes a finding, in advance of its entry, that no "less restrictive alternatives" can adequately prevent the perceived harm. *See id.* at *22 (concluding that the "drastic step" of a gag order "is not required" because "the Court's

---

[1] While the D.C. Circuit has not yet articulated the precise standard under which it will assess the constitutionality of a gag order, the Fourth and Tenth Circuits have applied the "reasonable likelihood" of harm standard, *see In re Russell*, 726 F.2d 1007 (4th Cir. 1984); *United States v. Tijerina*, 412 F.2d 661 (10th Cir. 1969); the Third and Fifth Circuits have used a "substantial likelihood" of harm standard, *see United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007); *United States v. Brown*, 218 F.3d 415 (5th Cir. 2000); and the Sixth, Seventh, and Ninth Circuits have adopted a "clear and present danger" standard, *see United States v. Ford*, 830 F.2d 596 (6th Cir. 1987); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242 (7th Cir. 1975); *Levine v. U.S. Dist. Ct.*, 764 F.2d 590 (9th Cir. 1985).

4

admonishment of counsel and direction to all counsel to Local Criminal Rule 57.7 has proven effective"). Indeed, Judge Mehta at the hearing in the *U.S. v. Caldwell* case found that a clear admonition to counsel would satisfy the needs of the case at the moment without the necessity of confronting the weighty constitutional issues that a gag order would raise. *See* Mar. 23, 2021 Hrg. Tr. at 9:6, *U.S. v. Caldwell* ("let this hearing serve as notice").

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court (1) grant the motion to intervene; (2) allow the Press Coalition's counsel to appear and be heard on its behalf at the April 6, 2021 hearing; and (3) ensure that the Press Coalition will have the opportunity to raise objections, if any, in advance of the entry of any gag order in this case.

Dated: April 2, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for the Press Coalition*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Candice Chiu Wong
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
candice.wong@usdoj.gov

*Counsel for the United States*


Thomas B. Mayr
Mayr Law, P.C.
5300 Memorial Drive, Suite 750
Houston, TX 77007
bmayr@mayr-law.com

*Counsel for Defendant Christopher Ray Grider*


    /s/ *Charles D. Tobin*
    Charles D. Tobin (#455593)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:21-cr-22-KBJ |
| CHRISTOPHER RAY GRIDER, | |
| Defendant. | |
| CABLE NEWS NETWORK, INC., AMERICAN BROADCASTING COMPANIES, INC. d/b/a ABC NEWS, THE ASSOCIATED PRESS, DOW JONES & COMPANY, INC., NATIONAL PUBLIC RADIO, INC., PRO PUBLICA, INC., TEGNA, INC., and WP COMPANY LLC, d/b/a THE WASHINGTON POST, | |
| Proposed Intervenors. | |

### [PROPOSED] ORDER

Upon consideration of the Motion to Intervene, any response(s) thereto, and the entire record herein, it is hereby **ORDERED** that:

1. The Motion to Intervene is GRANTED;

2. Intervenors' Counsel shall be permitted to appear on their behalf at the VTC Status Conference set in this case for 2:30 PM on April 6, 2021; and

3. Intervenors shall have an opportunity to raise objections with the Court before any proposed order pursuant to Local Criminal Rule 57.7(c) is entered in this case.

**SO ORDERED.**

_____
HON. KETANJI BROWN JACKSON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER,<br><br>Defendant.<br><br>CABLE NEWS NETWORK, INC., AMERICAN BROADCASTING COMPANIES, INC. d/b/a ABC NEWS, THE ASSOCIATED PRESS, DOW JONES & COMPANY, INC., NATIONAL PUBLIC RADIO, INC., PRO PUBLICA, INC., TEGNA, INC., and WP COMPANY LLC, d/b/a THE WASHINGTON POST,<br><br>Proposed Intervenors. | Case No. 1:21-cr-22-KBJ |

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 26.1, undersigned counsel for Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Dow Jones & Company, Inc., publisher of The Wall Street Journal, National Public Radio, Inc., Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") hereby certify that:

**Cable News Network, Inc.**, a Delaware corporation, is an indirect wholly-owned subsidiary of AT&T Inc., a publicly traded corporation. AT&T Inc. has no parent company and, to the best of CNN's knowledge, no publicly held company owns 10% or more of AT&T's stock.

**American Broadcasting Companies, Inc. d/b/a ABC News** is an indirect, wholly-owned subsidiary of The Walt Disney Company, a publicly traded corporation.

**The Associated Press** is a news cooperative incorporated under the Not-for-Profit Corporation Law of New York and has no parents, subsidiaries or affiliates that have any outstanding securities issued to the public.

**Dow Jones & Company, Inc.** ("Dow Jones"), publisher of the Wall Street Journal, is an indirect subsidiary of News Corporation, a publicly held company.  Ruby Newco, LLC, an indirect subsidiary of News Corporation and a non-publicly held company, is the direct parent of Dow Jones.  News Preferred Holdings, Inc., a subsidiary of News Corporation, is the direct parent of Ruby Newco, LLC.  No publicly traded corporation currently owns 10% or more of the stock of Dow Jones.

**National Public Radio, Inc.**, a non-governmental corporate party, has no parent company and issues no stock.

**Pro Publica, Inc.**, a non-profit corporation, has no parent corporation and has no stock.

**Tegna, Inc.** has no parent corporation.  No publicly held corporation owns 10% or more of Tegna, Inc.'s stock.

**WP Company LLC d/b/a The Washington Post** is a wholly owned subsidiary of Nash Holdings LLC, which is privately held and does not have any outstanding securities in the hands of the public.

These representations are made in order that judges of this Court may determine the need for recusal.

Dated:  April 2, 2021        Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006

Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for the Press Coalition*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Candice Chiu Wong
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
candice.wong@usdoj.gov

*Counsel for the United States*

Thomas B. Mayr
Mayr Law, P.C.
5300 Memorial Drive, Suite 750
Houston, TX 77007
bmayr@mayr-law.com

*Counsel for Defendant Christopher Ray Grider*

                                            /s/ *Charles D. Tobin*
                                            Charles D. Tobin (#455593)