UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | No. 1:21-cr-00022-KBJ |
| | : | |
| | : | |
| **CHRISTOPHER RAY GRIDER,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM OPPOSING THE DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum opposing the Motion to Modify Conditions of Release filed by the defendant, Christopher Ray Grider. The defendant was initially ordered detained in the Western District of Texas, where the magistrate judge twice denied defense motions to reopen detention. The defendant subsequently filed a motion to revoke detention in this Court, contending that "to guarantee to this Court that he will not be a flight risk or danger to the community," "Mr. Grider is voluntarily willing to abide by … [h]ome curfew with GPS ankle monitoring." D.E. 10, at 19. On February 22, 2021, this Court, upon careful deliberation, released the defendant subject to those very conditions, describing the order as a "close call" and perhaps one of the closest detention decisions the Court has encountered. That the defendant has not run afoul of his conditions in the window of time since February 22, 2021 and would like "more flexibility," D.E. 28 at 2, does not warrant removing the curfew and GPS monitoring as conditions of his pretrial release.

1

## PROCEDURAL HISTORY

On January 20, 2021, the defendant was charged by complaint with violations of 18 U.S.C. §§ 1361 and 2 (Destruction of Government Property Over $1,000); 18 U.S.C. § 1752(a) and (b) (Entering or Remaining in a Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2) (Violent Entry and Disorderly Conduct on Capitol Grounds).

On January 26, 2021, a grand jury in the District of Columbia returned a seven-count indictment of the defendant on violations of 18 U.S.C. § 1361 and § 2 (Destruction of Government Property over $1,000); 18 U.S.C. § 1512(c)(2) and § 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(1) (Entering or Remaining in a Restricted Building or Grounds) and § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), § 5104(e)(2)(E) (Impeding Passage through the Capitol Grounds or Buildings), and § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings).

On January 27, 2021, the defendant was ordered detained in the Western District of Texas. The magistrate judge based her decision on "the nature and circumstances of the offenses charged," "the nature and seriousness of the danger to the community posed by Mr. Grider's release," the "strong" weight of the evidence, and the "lengthy period of incarceration" Grider would be subjected to if convicted.

Also on January 27, the defendant filed a motion to reopen the detention hearing, which the magistrate judge denied on January 28, 2021.

On February 1, 2021, the defendant filed a second motion to reopen the detention hearing, which the magistrate judge denied on February 8, 2021.

On February 11, 2021, the defendant filed a motion to revoke his detention before this Court.  The defendant's motion specifically argued, in seeking release, that "to guarantee this Court that he will not be a flight risk or danger to the community," "Mr. Grider is voluntarily willing to abide by … [h]ome curfew with GPS ankle monitoring."  D.E. 10, at 19.  The government opposed the revocation on February 16, and this Court held a hearing on February 22, 2021.  On that date, the Court heard argument from both parties and, upon calling it perhaps the closest ruling on detention the Court had encountered, the Court released the defendant subject to, as relevant here, location monitoring and a curfew restricting him to his residence during the hours of 10:00pm to 6:00am.

## **ARGUMENT**

The defendant's motion to modify his conditions of release effectively requests that he be released on his personal recognizance.  Having previously volunteered that he would abide by "[h]ome curfew with GPS ankle monitoring" as conditions of his release to "guarantee this Court that he will not be a flight risk or danger to the community," the defendant contends that those restrictions should now be removed.  This Court should deny the motion based on the submissions.

In the government's view, no change in conditions is warranted.  As this Court previously assessed, whether the defendant should be detained or released was a close question based on the factors in 18 U.S.C. § 3142(g).  The closeness of that question is further reflected in a judicial officer's initial order that he be detained because clear and convincing evidence showed that no conditions or combination of conditions would reasonably assure the safety of the community upon his release.  This defendant does not appear before this Court merely upon allegations of

3

being unlawfully present in the Capitol Building on January 6, 2021. Rather, the defendant faces a seven-count indictment, including a felony count of obstruction of an official proceeding, which carries a 20-year maximum penalty, and felony destruction of property, which carries a 10-year maximum penalty. Those charges reflect the gravity of the concerns and seriousness of the conduct at issue: As the government has previously recounted, on January 6, 2021, the defendant was one of the very first individuals to approach the Speaker's Lobby door, and he remained near the front of the aggressive mob, right by the doors, until seconds before Ashli Babbitt's shooting. He was there near the front as a manifestly violent young male shattered the doors with his fists. And he chose to bestow his helmet on that male, remaining there as the young male resumed smashing the glass with the added force and weaponization of the defendant's helmet. The defendant willingly placed himself in the center of the action and used his front-row view by the Speaker's Lobby doorway not to persuade other members of the crowd to deescalate but to actively participate in the escalating chaos.

      Under the facts and circumstances, the defendant's current conditions – GPS monitoring, and a curfew for overnight hours from 10:00pm-6:00am – not home detention or home incarceration – are appropriate, tailored limitations that are justified to mitigate the risks posed by the defendant's release. The defendant states that the pretrial services officer in the Western District of Texas believes that the curfew and GPS monitoring restrictions may be lifted. That officer has noted that in their jurisdiction, they may move the court after 30 to 60 days of compliance to remove a complied-with condition. The pretrial services officer in this jurisdiction, meanwhile, has noted that it is not the practice in the District of Columbia to request removal from electronic monitoring simply due to 30 to 60 days of compliance. In any event,

the defendant's non-violation of the conditions that were imposed on February 22, 2021 does not in any way change the premises of the Court's exhaustive analysis on that date, nor reflect such an significant change in circumstances as to warrant this Court's reevaluation.

The defendant's motion further notes that he wishes to have "more flexibility in being able to take his children on trips" due to their "summer break."  D.E. at 2.  The defendant, however, is not precluded by his release conditions from seeking Court approval of "all other travel" outside the Western District of Texas and Southern District of Texas should he believe he can articulate sufficient justification to this Court.  To the government's knowledge, the defendant recently sought to travel internationally; the government is aware of a flight to Mexico that the defendant had scheduled for February 2021, but that he did not take during the time when he was detained. In any event, a generalized interest in travel outside of the Western and Southern Districts of Texas does not justify removing the government's ability to *monitor* the defendant's whereabouts nor interest in ensuring that he abides by a reasonable curfew.

At bottom, for all the reasons this Court articulated on February 22, 2021, the conditions devised by this Court on that date continue to be appropriate and important measures to reasonably assure the appearance of the defendant as required and the safety of other people and the community.

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court deny the defendant's

motion to change the conditions of release based on the submissions.

Respectfully submitted,

Channing D. Phillips
Acting United States Attorney
D.C. Bar No. 415793

By: /s/ Candice C. Wong

Candice C. Wong
D.C. Bar No. 990903
candice.wong@usdoj.gov
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7849

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I caused a copy of the foregoing memorandum to be served on counsel of record via electronic filing.

/s/ Candice C. Wong

Candice C. Wong
Assistant United States Attorney