IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § § § | | |
| **v.** § | Case No. 21-CR-00022-KBJ | |
| § § | | |
| **CHRISTOPHER RAY GRIDER,** § § | | |
| *Defendant* § | | |

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

TO THE HONORABLE KETANJI BROWN JACKSON, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

COMES NOW CHRISTOPHER RAY GRIDER, the Defendant in the above-styled and numbered cause, by and through undersigned counsel, and submits this reply to the Government's Response to his Motion to Modify Conditions of Release filed on May 11, 2021 (Doc. No. 29).

Of all the actors involved in Mr. Grider's case, no one has spent more face-to-face time in contact with Mr. Grider since his release from custody back in February than his supervising officer, Kit Myers, Senior U.S. Pretrial Services Officer for the Western District of Texas, Waco Division. Not this Court. Not counsel for the Government. Not anyone from the Office of Pretrial Services for this District.

Ms. Myers speaks with Mr. Grider on a weekly basis. She has been out to his home multiple times to inspect and insure that he is in full compliance with all his conditions of release. She has seen and heard his demeanor to be able to judge whether he is serious about his conditions or not.

1

She also understands and embraces her role in this process. She understands that this Court is entrusting her to insure that Mr. Grider is not a flight risk or a danger to the community. She also understands that when a person is released on conditions pursuant to 18 U.S.C. § 3142, that a person is to be "subject to the least restrictive further condition, or combination of conditions," that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

Undersigned counsel conferred with Ms. Myers last week after the Government filed their response and she affirmed that it could be represented to this Court that she continues to be believe that Mr. Grider should not be subject to continued GPS monitoring.

Mr. Grider voluntary offered to this Court to abide by GPS ankle monitoring when he was seeking his release back in February to prove to this Court that he could be — as he always has been for the past several years — a law-abiding citizen who could comply with this Court's conditions. Over the course of the past several months, he has proven that to his supervising officer. He prays that he has proven the same to this Court.

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests this Honorable Court modify his conditions of release to remove the condition requiring location restriction/monitoring program with a GPS leg monitor and a curfew of 10:00 pm to 6:00 am.

Date: May 17, 2021						Respectfully Submitted,

							Mayr Law, P.C.

							by: /s/ T. Brent Mayr
							T. BRENT MAYR
							Texas State Bar Number 24037052
							D.C.D.C. Bar ID TX0206
							bmayr@mayr-law.com

							5300 Memorial Dr., Suite 750
							Houston, TX 77007
							Telephone:  713-808-9613
							Fax:  713-808-9613

							ATTORNEY FOR THE DEFENDANT,
							CHRISTOPHER RAY GRIDER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Candice Wong, on May 17, 2021, via CM/ECF and email.

							/s/ T. Brent Mayr
							T. BRENT MAYR

3