**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-022 (KBJ) |
| | ) | |
| CHRISTOPHER RAY GRIDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE

Before the Court at present is Defendant Christopher Ray Grider's Motion to Modify the Conditions of his Release.  (*See* Def.'s Mot. to Modify Conditions of Release, ECF No. 28.)  In his motion, Grider asserts that he "wishes to have more flexibility in being able to take his children on trips away from his residence within his permitted districts of travel[,]" and he asks the Court to "remove the condition requiring location restriction/monitoring program with a GPS leg monitor and a curfew of 10:00 pm to 6:00 am[.]"  (*Id.* ¶ 3.)  Grider contends that his requested modification is warranted because he has been compliant with his conditions of release to date, and because the pretrial services officer in the Western District of Texas who is supervising his release fully supports terminating his GPS monitoring and curfew requirements.  (*See id.* ¶¶ 1–3; *see also* Def.'s Reply in Supp. of Mot. to Modify Conditions of Release, ECF No. 30, at 1–2.)[1]  The Government opposes Grider's motion, arguing that Grider has not provided a sufficient reason to change the conditions of his release, particularly in light of the "gravity" of the charges against him.  (*See* Gov't Opp'n to

---

[1] Page number citations refer to the numbers automatically assigned by the Court's electronic case filing system.

Def.'s Mot. to Modify Conditions of Release, ECF No. 29, at 3–4.)

This Court agrees with the Government. As the Court explained during the detention appeal hearing in this case, the decision to release Grider pending trial was an extremely "close call" given the nature and circumstances of the alleged offense and the weight of the evidence against him. (*See* Mot. Hr'g Tr., ECF No. 20, at 48:12; 58:18– 59:17.) And although the Court ultimately determined that Grider's detention was not required, that decision was contingent upon the Court's imposition of conditions of release that would reasonably assure the safety of the community while Grider awaited trial—conditions that included GPS monitoring and a curfew. (*See id.* at 63:13–66:7.) The fact that Grider has been compliant with his conditions of release thus far is insufficient to establish that such conditions are no longer necessary, and that is so regardless of whether Grider's pretrial supervision officer thinks otherwise.

To the extent that Grider wishes to travel with his family on certain occasions, he may seek the Court's permission to travel to particular locations on specific dates, and he has not provided any reason why his GPS monitoring and curfew conditions must be terminated in order to accommodate such a request. The Court will assess any such request on a case-by-case basis.

For the reasons stated herein, it is hereby

**ORDERED** that Grider's Motion to Modify the Conditions of his Release (ECF No. 28) is **DENIED**.


Date:  May 19, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge