UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER,<br><br>  Defendant. | Criminal Action No. 21-0022 (CKK) |

ORDER
(December 20, 2021)

The Court has received and reviewed Defendant's [66] Unopposed Motion to Travel and Modify Conditions of Relief. Therein, Defendant makes four requests from the Court. First, he requests modification to his conditions of release in order to travel to Dallas, TX to celebrate the holidays with family. Mot. at ¶ 3. Second, he makes the same request but to travel to Houston, TX. Mot. at ¶ 4. He expects to travel to Dallas from December 21 to December 22 and to Houston from December 26 to December 27. Mot. at ¶¶ 3-4. Third, he requests the Court modify the definition of "residence" to include all agricultural land on his real property so that he may continue his farming business. Mot. at ¶ 5. Fourth he requests that the Court modify his curfew requirement to permit him to return to his home later than 10:00 PM provided that he "(a) remains within the Western District of Texas, (b) his absence from his property is for employment purposes only, and (c) has given advanced notice to, and receives permission to be away from his property during his curfew hours from his supervision officer." Mot. at ¶ 6.

In light of Defendant's compliance with his conditions of release, to date, and the Government's decision not to oppose Defendant's requested relief, it is hereby

1

**ORDERED** that Defendant's [64] Unopposed Motion to Travel and Modify Conditions of Release is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED**, that, as to Defendant's first two requests, Defendant may travel only to the precise location and for the precise times set forth above. It is further

**ORDERED**, that Defendant shall provide all details pertaining to this travel, including the date and destination of travel, to his pretrial supervision office and shall take his location monitoring equipment with him to permit his movements to be monitored while he is away from his residence. It is further

**ORDERED**, that the term "residence" as it appears in subsection 7 of the Court's [14] Order Setting Conditions of Release shall include: all the real property that is (1) owned, leased by, or granted to Defendant; (2) appurtenant to Defendant's place of abode; and (3) used by Defendant for agricultural purposes. It is further

**ORDERED**, that Defendant shall be permitted, without leave of court, to return to his residence after the curfew, as delineated in the Court's [14] Order, no later than 11:59 PM, provided (1) he remains within the Western District of Texas, (2) his absence from his property after the curfew has begun is for employment purposes only, and (c) he gives advanced notice to, and receives permission from, his supervision officer.

**SO ORDERED.**

**Dated:** December 20, 2021

                                                    /s/  
                                            COLLEEN KOLLAR-KOTELLY  
                                            United States District Judge