IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | Case No. 21-CR-00022-CKK |
| § § | |
| CHRISTOPHER RAY GRIDER, § § | |
| *Defendant* § | |

**DEFENDANT'S AMENDED MOTION TO DISMISS
COUNT FOUR OF THE INDICTMENT**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, pursuant to Rules 7(c)(1) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the United States Constitution, and the arguments and authorities set out in his memorandum of law in support of this motion (submitted along with a motion for leave to file said memorandum in excess of the page limits set out in Local Rule 47(e)), moves this Court to enter an order dismissing Count Four of the indictment in this case.

More specifically, Mr. Grider amends his previous Motion to Dismiss Count Four of the Indictment, Dkt. 21, and moves this Court to dismiss Count Four of the indictment against him based on the following, amended grounds which are more fully discussed in his memorandum in support of this amended motion:

1

A. **"Official Proceeding."** Count Four must be dismissed because the allegation in the indictment fails to state an offense and does not ensure that a grand jury has found sufficient evidence of the necessary elements of the offense in violation of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution. More specifically, the indictment fails to state what "official proceeding" and, even more specifically, what "proceeding before Congress" Mr. Grider allegedly obstructed. Assuming *arguendo* that the "proceeding before Congress" was Congress' certification of the electoral college vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18, the indictment still suffers from the same infirmities. 18 U.S.C § 1512(c)(2) does not proscribe conduct affecting a unique, largely ministerial proceeding like the certification of the electoral college vote. Rather, as discussed in his memorandum of law in support of this motion, (a) the text, structure, and the practical application of the statute, (b) caselaw interpreting and applying the same, and (c) its legislative history, all reflect that the statute has (and always should be) applied to official proceedings that involve the administration of justice or Congress' power of inquiry or investigation where witnesses are called or evidence is presented and considered. Since the election certification proceedings of January 6, 2021 did not involve any of these applications, the present indictment does not sufficiently allege an offense.

B. **"Otherwise."** Count Four must be dismissed because the allegation in the indictment fails to state an offense and does not ensure that a grand jury has found sufficient evidence of the necessary elements of the offense in violation of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution. More specifically, the indictment fails to allege what the statute requires as discussed in his memorandum of law in support of this motion, namely, an allegation that the alleged corrupt, obstructive conduct affected a proceeding's truth-finding function through actions impairing the integrity and availability of evidence or otherwise obstructing justice. Since there is no allegation that Mr. Grider's alleged, obstructive conduct did such things (nor could there be), the present indictment does not sufficiently allege an offense.

C. **"Corruptly."** Count Four must be dismissed because, as discussed in his memorandum of law in support of this motion, 18 U.S.C. § 1512(c)(2) and its unique and specific application in this case demonstrates that it is unconstitutionally vague. More specifically, the term "corruptly" is undefined and itself unconstitutionally vague in this unique, unprecedented application.

D. **Rule of Lenity.** Count Four must be dismissed because, as discussed in his memorandum of law in support of this motion, when applying the rule of lenity, 18 U.S.C. § 1512(c)(2) is inapplicable to the alleged conduct in that count.

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests this Honorable Court dismiss Count Four of the indictment against him and permit him leave to amend and supplement this motion at a later date, if needed.

Date: <u>January 12, 2021</u>   Respectfully Submitted,

<div style="margin-left:3em">

MAYR LAW, P.C.

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone: 713-808-9613
Fax: 713-808-9613

ATTORNEY FOR THE DEFENDANT,
CHRISTOPHER RAY GRIDER

</div>

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Candice Wong, on January 12, 2021, via CM/ECF and email.

<u>/s/ T. Brent Mayr</u>
T. BRENT MAYR

ATTORNEY FOR THE DEFENDANT,
CHRISTOPHER RAY GRIDER