UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | No. 1:21-cr-00022-CKK |
| : | |
| CHRISTOPHER RAY GRIDER : | |
| : | |
| Defendant.   : | |

**JOINT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The parties are currently scheduled for a status hearing on February 10, 2022. The United States of America and the defendant, Christopher Ray Grider, hereby move this Court for an approximately 50-day continuance of that hearing, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.. In support of this joint motion, the parties state as follows:

1. On February 3, 2022, the government made an additional global discovery production to counsel for the defendant. This production included indexes shared via filesharing of documents produced to Relativity. The production to Relativity included numerous audio files and other records of the U.S. Capitol Police, tens of thousands of tips and related documentation made to the Metropolitan Police Department tipline, and FBI reports of interviews, among other materials. The three prior global discovery productions, which included documents such as U.S. Capitol Police OPR reports and exhibits, USCP and MPD use of force reports and exhibits, video recorded by the Metropolitan Police Department's Electronic Surveillance Unit and related reports, and Virginia State Police radio communications, have also gone into the

1

defense Relativity database. The productions have also included significant pointers to assist in the review of voluminous material, such as a USCP timeline of events for the January 6, 2021 events, and a 752-page spreadsheet that assists in locating relevant body worn camera footage.

2. Counsel for the defendant recently obtained access to the FPD Relativity workspace and has commenced going through materials in that Relativity database. As noted, many of the materials previously produced via filesharing, including those in the production described in paragraph 1, are currently available to search, review, and download as necessary in the database; keyword searches, for instance, may be performed.

3. Given counsel for the defendant's interest in reviewing the voluminous discovery materials, including the most recent production made on February 3, 2021, on the Relativity workspace, and the government's continued production of materials on the Relativity workspace, the parties seek an additional continuance of approximately 50 days to on or about March 28-30, 2022, or another date thereafter at the Court's convenience. The additional time will afford the parties time to continue to produce and review discovery and explore whether a pretrial resolution of this case is viable.

4. Counsel for the government anticipates being in an approximately two-week trial in this Court beginning on March 10, 2022.

5. The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our Circuit, have routinely held sufficient to grant continuances and exclude time under the Speedy Trial Act – and in cases involving far less complexity in terms of the volume and

nature of data, and the number of defendants entitled to discoverable materials. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds of financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and 20 days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

WHEREFORE, the parties respectfully request that this Court grant the motion for an approximately 50-day continuance of the above-captioned proceeding to on or about March 28-30, 2022 or thereafter at the Court's convenience, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

Respectfully submitted,

Counsel for the government:

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:    */s/ Candice C. Wong*
        Candice C. Wong
        D.C. Bar No. 990903
        Assistant United States Attorney
        555 4th Street, N.W., Room 4816
        Washington, D.C. 20530
        (202) 252-7849
        candice.wong@usdoj.gov

Counsel for Christopher Ray Grider:

        */s/ T. Brent Mayr*
        T. Brent Mayr
        Texas State Bar No. 24037052
        D.C.D.C. Bar ID TX 0206
        Mayr Law, P.C.
        5300 Memorial Dr., Suite 750
        Houston, TX 77007
        (713) 808-9613
        bmayr@mayr-law.com