IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER.<br><br>*Defendant*. | Criminal Action No. 21-22 (CKK) |

**DEFENDANT'S MOTION TO DISMISS COUNTS
ONE, TWO, FOUR, FIVE & SIX OF THE SUPERSEDING INDICTMENT**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, pursuant to Rules 7(c)(1) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the United States Constitution, and the arguments and authorities set out in his memorandum of law in support of this motion, moves this Court to enter an order dismissing Counts One, Two, Four, Five and Six of the Superseding Indictment returned on June 1, 2022 in this case. *See* ECF Dkt. 97.

**A. Count One: Civil Disorder.** This count must be dismissed as the indictment fails to allege a legally sufficient "federally protected function" whose performance was affected by the "civil disorder" on January 6. Furthermore, 18 U.S.C. § 231 (a)(3), the statute that is alleged to have been violated here, exceeds Congress's

Commerce Clause authority. Finally, the count must be dismissed as constitutionally overbroad.

B. **Count Two: Obstruction of an Official Proceeding.** Mr. Grider resubmits all his prior objections to Count Four of the original Indictment made in his Amended Motion to Dismiss filed under ECF Dkt. 69 and supporting documents. *See* ECF Dkt 70-2 (Defendant's Memorandum of Law in Support of Defendant's Amended Motion to Dismiss Count Four of the Indictment); ECF Dkt. 75 (Defendant's Reply to the Government's Opposition to Defendant's Amended Motion to Dismiss Count Four of the Indictment) and requests that they be applied to Count Two of the Superseding Indictment alleging essentially the same thing. Mr. Grider further submits that this count must be dismissed as it too is constitutionally overbroad. Finally, he submits that this count must be dismissed because the novel construction principle of the Due Process Clause requires rejection of the Government's interpretation of 18 U.S.C. § 1512(c)(2) which operates as an *ex post facto* law.

C. **Counts Four, Five and Six: The Restricted Building or Grounds Violations.** These counts must be dismissed as failing to state an offense because only the United States Secret Service restricts areas under 18 U.S.C. § 1752 and no such allegation exists in this case (nor can there be one, as the Government has conceded in other cases). If this Court were to conclude otherwise, then these counts must be dismissed as being unconstitutionally vague as applied to Mr. Grider. In the alternative, this Court should apply the rule of lenity to its interpretation of this statute and find that Mr. Grider's alleged conduct does not violate

the same. Finally, he submits that these counts must be dismissed because the novel construction principle of the Due Process Clause requires rejection of the Government's interpretation of 18 U.S.C. § 1752 which operates as an *ex post facto* law.

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests this Honorable Court dismisses Counts One, Two, Four, Five and Six of the Superseding Indictment against him and permit him leave to amend and supplement this motion at a later date, if needed.

Date: <u>June 22, 2022</u>  Respectfully Submitted,

**MAYR LAW, P.C.**

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone: 713-808-9613
Fax: 713-808-9991

ATTORNEY FOR THE DEFENDANT,
CHRISTOPHER RAY GRIDER

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Cindy Cho, on June 22, 2022, via CM/ECF and email.

/s/ T. Brent Mayr
T. BRENT MAYR