IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. CHRISTOPHER RAY GRIDER. *Defendant*. | Criminal Action No. 21-22 (CKK) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE BRIEF
IN SUPPORT OF DEFENDANT'S NOTICE OF INTENT
TO RAISE PUBLIC AUTHORITY DEFENSE
UNDER SEAL AND *EX PARTE***

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, moves this Court, pursuant to LCrR 49(f)(6), Federal Rule of Criminal Procedure 12.3(d), and the Fifth Amendment to the United States Constitution, to grant him leave to file his brief in support of his notice of intent to raise public authority defense under seal and *ex parte*. In support thereof, he would show the following.

1. Federal Rule of Criminal Procedure 12.3(a) requires a defendant to give notice to the attorney for the Government if they "intend[] to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense," and file a copy of said notice with the clerk. FED. R. CRIM. P. 12.3(a).

1

2. On June 22, 2022, Mr. Grider filed such notice of his intent. ECF Dkt. 102.

3. On June 23, 2022, this Court subsequently issued a minute order directing Mr. Grider to file a legal brief in support of the notice on or before July 7, 2022. *See* Minute Order of June 23, 2022.

4. It has been held that, based on *Williams v. Florida*, 399 U.S. 78 (1970), the notice requirement of Rule 12.3 does not violate the Fifth Amendment. *See United States v. Abcasis*, 785 F. Supp. 1113, 1117 (E.D.N.Y. 1992). As the court noted in so holding, "there is nothing incriminating about giving *notice* of a defense to be offered at trial." *Id.* (emphasis in original).

5. This Court's minute order, however, goes beyond simply giving *notice*. By requiring Mr. Grider to submit a legal brief in support of his notice, the Court's minute order impliedly compels Mr. Grider to provide testimony against himself in violation of his Fifth Amendment right to remain silent and not incriminate himself to the extent that such preview of his testimony is necessary for this Court to weigh the applicability of his defense. *See* U.S. CONST, amend V; *cf. United States v. Nobles*, 422 U.S. 225, 234 (1975) ("We thus conclude that the Fifth Amendment privilege against compulsory self-incrimination, being personal to the defendant, does not extend to the testimony or statements of third parties called as witnesses at trial."). In other words, in setting out his reasons for being able to assert the public authority defense, Mr. Grider would have to set out his personal thoughts, statements, and recollections related to the applicability of the defense.

6. This Court, on the other hand, undoubtedly possesses the "inherent authority to

manage the course of trials," *Youssef v. Lynch*, 144 F. Supp. 3d 70, 80 (D.D.C. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)), and Mr. Grider has no intention of infringing on that authority. Accordingly, to the extent that he is being compelled to provide a preview of his testimony for this Court to weigh the applicability of his defense, he moves this Court for leave to permit him to do so both under seal and *ex parte*. *See United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) ("A defendant may proffer a duress defense *ex parte* and under seal only upon a showing of a 'compelling reason' for doing so.").

7. Mr. Grider offers the following compelling reasons for permitting him to submit the required brief under seal and *ex parte*. *See United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).

    a. *The Need for Public Access to the Documents at Issue*. It should be noted that Mr. Grider has already publicly filed his notice of his intent to raise a public authority defense at trial in his case. Further, the trial in his case will obviously be open and give the public the opportunity to hear the proffered evidence regarding the public authority defense. The information that Mr. Grider seeks to submit to this Court under seal and *ex parte* is simply to permit this Court the convenience of weighing the applicability of his defense *prior to* commencement of the trial instead of having to consider a potentially complex issue during the trial itself. Accordingly, the need for public access is low and will likely be served in the future.

    b. *Public Use of the Documents*. Although "[p]revious access is a factor which

may weigh in favor of subsequent access," *id.* at 318, it should be noted that, while Mr. Grider has given notice of his intent to use a public authority defense, there has been "no previous access" provided to his personal thoughts, statements, and recollections related to the applicability of the defense.

c. *Possibility of Prejudice.* "The possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access." *Id.* at 320–21. Mr. Grider anticipates that his trial, like many others involving defendants accused of acts alleged to have taken place at the United States Capitol on January 6, as well as some of his pretrial hearings will receive public attention unlike those seen in a typical federal criminal case. In order to raise the public authority defense, there may be some admission to conduct ultimately deemed to violate federal law. *See id.* at 323 ("A third possible reason [weighing against nondisclosure], and the most troublesome as a matter of policy, is that the documents were evidence of crimes."). Accordingly, "premature publication can taint future prosecutions to the detriment of both the government and the defense." *Id.*

d. *The Constitutional Protections Afforded to What is Being Sought to Be Sealed.* It cannot be overlooked what Mr. Grider is seeking to seal and submit *ex parte*. Unlike other defenses where a defendant is (and can be) compelled to disclose names and testimony from *third parties* related to a de-

fense, what Mr. Grider is concerned about here are his constitutionally protected personal thoughts, statements, and recollections related to the applicability of the defense. To the degree necessary to protect his constitutional right to remain silent and not incriminate himself, Mr. Grider objects to being compelled to having to forego his right to remain silent and incriminate himself by filing a brief in support of his intent to raise the public authority defense. However, if this Court continues to compel Mr. Grider to provide testimony regarding his personal thoughts, statements, and recollections related to the applicability of the defense, this Court should permit those thoughts, statements, and recollections to remain under seal and prohibit the Government from accessing and using the same against him at trial.

8. Mr. Grider stresses again that he does not intend to infringe on this Court's ability to consider this complex issue prior to trial. The Government surely will be able to anticipate what Mr. Grider's expected testimony will be regarding the applicability of the defense and file a reply to Mr. Grider's brief setting out why it does not believe it applies based on that anticipated testimony (or possibly concede that the defense should be submitted to a jury based on the same). The Government, as well as the general public, however, should not have the benefit of having access to Mr. Grider's actual personal thoughts, statements, and recollections related to the applicability of the defense at this time prior to trial in his case.

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests

this Court permit him leave to file his brief in support of his notice of intent to raise public authority defense under seal and *ex parte*.

Date: <u>July 5, 2022</u>             Respectfully Submitted,

**MAYR LAW, P.C.**

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9991

ATTORNEY FOR THE DEFENDANT,
CHRISTOPHER RAY GRIDER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this notice was sent to Counsel for the Government, Cindy Cho, on July 5, 2022, via CM/ECF and email.

<u>/s/ T. Brent Mayr</u>
T. BRENT MAYR

6