IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER.<br><br>    Defendant. | Criminal Action No. 21-22 (CKK) |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF INTENT TO RAISE PUBLIC AUTHORITY DEFENSE**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

The Government misses the mark in their Response to Defendant's Notice of Intent to Raise Public Authority Defense. This is not about an "attempt to deflect responsibility." Gov't Response (ECF 111) at 2. Nor is this a claim of a defendant knowingly committing a crime upon a grant of authority from *some* government official to engage in illegal activity.

The former President of the United States himself told Mr. Grider and thousands of other supporters to "walk down to the Capitol" with him to "cheer on our brave senators, and congressmen and women" and "give them the kind of pride and boldness that they need to take back our country." He used the contraction, "We're" numerous times. Not "I'm." Not "You." The former President of the United States was counting on Mr. Grider and others to join him in his "march[] over to the Capitol building to peacefully and patriotically make your voices heard." And now, Mr. Grider

1

finds himself charged with *inter alia* entering and remaining in what has now been deemed "a restricted building and grounds," and having "paraded, demonstrated, and picketed in any United States Capitol Building." Superseding Indictment (ECF 97) at 3, 5.

Again, Mr. Grider is not claiming that the defense applies to any and all violent, obstructive, or destructive behavior at the Capitol — nor that the former President authorized the same. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 32–33 (D.D.C. 2021). To those accusations, he is innocent and expects the evidence at trial to show the same.

But, as to some of the allegations in the indictment — most specifically, those that allege Mr. Grider entered a restricted area and unlawfully paraded, demonstrated, and picketed in any United States Capitol Building — the situation that Mr. Grider finds himself in is unequivocally the same as that of the defendants in *Cox v. Louisiana*, 379 U.S. 559 (1965) where "the highest police officials of the city, in the presence of the Sheriff and Mayor, in effect told the demonstrators that they could meet where they did, 101 feet from the courthouse steps." *Id.* at 571.

By its response, the Government asserts that the defense does not apply because "Former President Trump did not state that the U.S. Capitol grounds were no longer 'restricted' under 18 U.S.C. § 1752(a)." Govt' Response (ECF 111) at 11. However, as the Government and another jurist in this District have recognized, 18 U.S.C. § 1752 "does not require any particular method for restricting a building or grounds." Gov't Resp. to Defendant's Motion to Dismiss Counts of Superseding Indictment (ECF

110) at 33 (quoting *United States v. McHugh*, -- F.Supp.3d --, No. 21-cr-453-JDB, 2022 WL 296304, at *18 (D.D.C. 2022)).[1]

One could certainly find that it was reasonable for Mr. Grider to believe that the former President of the United States himself could dictate where a person "could meet where they did" and likewise what was and was not a "restricted" area or building. *Cox*, 379 U.S. at 571. While the Government maintains otherwise, pointing to evidence it intends to offer such as Mr. Grider "walking on top of railing on the Capitol building's terrace stairs" and "entering a door with a busted window," Mr. Grider expects to present other evidence at trial to establish his belief was reasonable. That others chose to go beyond any semblance of "reasonable reliance" on the former President's commands by choosing to engage in destructive or violent behavior does not mean, as a matter of law, that Mr. Grider is not entitled to have a jury decide whether his reliance to do what he did was reasonable. *See United States v. Howard*, 245 F. Supp. 2d 24, 39 (D.D.C. 2003) (quoting *United States v. Hopkins*, 716 F.2d 739, 749 (10th Cir. 1982)) ("A defendant in a criminal case is entitled to adequate jury instructions on his theory of defense, provided that there is evidence to reasonably support such a theory.").

---

[1] The Government says nothing in its response about the former President's ability to authorize individuals to parade, protest, or picket in a Capitol building. *See* 40 U.S.C. § 5140(e)(2)(G). Given a lack of precedent and clear definition of what it means to "parade, protest, or picket," the situation present in *Cox* is present here: there is some "lack of specificity in those words" which, "may not render the statute unconstitutionally vague," but make it nevertheless "clear that the statute . . .. foresees a degree of on-the-spot administrative interpretation by officials charged with responsibility for administering and enforcing it." *Cox,* 379 U.S. at 568. Certainly, the former President of the United States directing Mr. Grider to parade on the Capitol could be interpreted as the same sort of action seen by law enforcement officials in *Cox.*

This case is not a case of some crazed individual who came to Washington, D.C. intending to do harm or expecting to do violence. There is no evidence to even suggest that Mr. Grider *expected* to end up on the Capitol grounds or its building prior to the former President's speech. However, when the former President himself told Mr. Grider and others to go there — and provided the added comfort that he would be going there along with them — it was entirely reasonable for Mr. Grider to rely on those representations. To allow the Government to now convict him for going there would amount to "the most indefensible sort of entrapment by the State — convicting a citizen for exercising a privilege which," not just "the State," but the *Head of the State* himself "clearly had told him was available to him." *Raley v. Ohio*, 360 U.S. 423, 438 (1959).

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests this Honorable Court permit him to submit his entrapment by estoppel defense to the jury in his case.

Date: <u>July 28, 2022</u>   Respectfully Submitted,

**MAYR LAW, P.C.**

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9991

ATTORNEY FOR THE DEFENDANT,

4

5

CHRISTOPHER RAY GRIDER

## **CERTIFICATE OF SERVICE**

I certify that a copy of this reply was sent to Counsel for the Government, Cindy Cho and Francesco Valentini, on July 28, 2022, via CM/ECF and email.

/s/ T. Brent Mayr<br>
T. BRENT MAYR