UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | No. 1:21-cr-22 (CKK) |
| | : | |
| | : | |
| **CHRISTOPHER RAY GRIDER,** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF RESPONSE TO COURT ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to this Court's order dated September 6, 2022, which directed the government to set forth its interpretation of the appeal waiver provision contained in a plea offer that the defendant recently rejected in this case.

1. The appeal waiver provision stated in relevant part,

> Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s).

At a status hearing held on September 6, 2022, the Court indicated that it understood this provision—and, more specifically, its qualifying clause "insofar as such waiver is permitted by law"—to not bar a subsequent appeal of the defendant's conviction to the extent it is "based on a later decision by the United States Court of Appeals for the District of Columbia Circuit or the Supreme Court that the statute(s) of conviction do not reach Defendant's charged conduct and/or that the statute(s) are unconstitutional." 9/6/2022 Order. After the government noted its

disagreement with the Court's suggested reading, the Court directed the government to confirm its interpretation and set it forth in writing. *Ibid.*

2. The government now confirms what it stated at the September 6 hearing: as explained in more detail below, the appeal waiver provision quoted above unambiguously bars a direct appeal asserting a follow-on statutory or constitutional claim of the type identified at the September 6 hearing, and nothing in the provision's qualifying clause ("insofar as such waiver is permitted by law") requires a different result.

As noted, the appeal waiver at issue provides that, "insofar as such waiver is permitted by law," the defendant "agrees to waive … the right to appeal the conviction in this case *on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s)*." (Emphasis added). By its plain terms, the italicized language unambiguously encompasses—and therefore waives—a direct appeal by the defendant seeking to assert a claim of the type discussed at the September 6 hearing: that is, a claim "based on a later decision by the United States Court of Appeals for the District of Columbia Circuit or the Supreme Court that the statute(s) do not reach Defendant's charged conduct and/or that the statute(s) are unconstitutional." 9/6/2022 Order. The only remaining question is whether "such a waiver" is nonetheless not "permitted by law"—*i.e.*, whether it is prohibited by some other controlling authority. The answer is no.

The Supreme Court has repeatedly recognized that a defendant may knowingly and voluntarily waive statutory or constitutional rights as part of a plea agreement. *See, e.g.*, *Ricketts v. Adamson*, 483 U.S. 1, 8-10 (1987) (upholding plea agreement's waiver of right to raise a double-jeopardy defense); *Town of Newton v. Rumery*, 480 U.S. 386, 389 (1987) (affirming enforcement of plea agreement's waiver of right to file an action under 42 U.S.C. § 1983). As a general matter,

statutory rights are subject to waiver in the absence of some "affirmative indication" to the contrary from Congress. *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). Likewise, even the "most fundamental protections afforded by the Constitution" may be waived. *Ibid.*

In accord with those principles, the D.C. Circuit and other courts of appeals have uniformly held that a defendant's voluntary and knowing waiver in a plea agreement of the right to appeal is enforceable. *See, e.g.*, *United States v. Guillen*, 561 F.3d 527, 529-532 (D.C. Cir. 2009).[1] As the D.C. Circuit has repeatedly explained, appeal waivers benefit defendants by providing them with "an additional bargaining chip to use in negotiating a plea agreement with the Government." *Id.* at 530; *see also, e.g., In re Sealed Case*, 901 F.3d 397, 400 (D.C. Cir. 2018) (same); *United States v. Powers*, 885 F.3d 728, 733 (D.C. Cir. 2018) (same); *In re Sealed Case*, 40 F.4th 605, 608 (D.C. Cir. 2022) (same). In addition, appeal waivers correspondingly benefit the government by enhancing the finality of judgments and discouraging meritless appeals. *See, e.g.*, *Guillen*, 561 F.3d at 530; *Price v. U.S. Dep't of Just. Att'y Off.*, 865 F.3d 676, 681 (D.C. Cir. 2017) ("[W]aivers of appeal rights are permissible, in part, because they promote finality: the prosecution avoids expending time and resources putting the matter to rest.").

The plea offer in this case illustrates the mutual benefits of appeal waivers. In exchange for the defendant's guilty plea to the first two counts in the superseding indictment and waiver of his statutory right to appeal, the government would have agreed to, among other things, dismiss

---

[1] *See also  United States v. Teeter*, 257 F.3d 14, 21-23 (1st Cir. 2001); *United States v. Riggi*, 649 F.3d 143, 147-150 (2d Cir. 2011); *United States v. Khattak*, 273 F.3d 557, 560-562 (3d Cir. 2001); *United States v. Marin*, 961 F.2d 493, 495-496 (4th Cir. 1992); *United States v. Melancon*, 972 F.2d 566, 567-568 (5th Cir. 1992); *United States v. Toth*, 668 F.3d 374, 377-378 (6th Cir. 2012); *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997); *United States v. Andis*, 333 F.3d 886, 889-890 (8th Cir.) (en banc)*, cert. denied*, 540 U.S. 997 (2003); *United States v. Navarro-Botello*, 912 F.2d 318, 320-322 (9th Cir. 1990), *cert. denied*, 503 U.S. 942 (1992); *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1347-1350 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994).

the remaining seven counts.  Those counts include a charge of destruction of government property, in violation of 18 U.S.C. § 1361, which carries a statutory maximum sentence of 10 years of imprisonment and exposes the defendant to a potential terrorism enhancement under the Sentencing Guidelines.  *See* 18 U.S.C. § 1361; U.S.S.G. § 3A1.4(a)-(b) & app. note 1 (setting a minimum offense level of 32 and criminal history category of VI for felonies that involve, or are intended to promote, "federal crime[s] of terrorism," 18 U.S.C. § 2332b(g)(5), which in turn include violations of Section 1361 that are "calculated to influence or affect the conduct of government by intimidation or coercion").  So long as a criminal defendant's decision to enter into such a plea agreement is knowing and voluntary—that is, so long as "'the defendant is aware of and understands the risks involved'" and "'his choice is made with eyes open,'" *In re Sealed Case*, 40 F.4th at 608 (quoting *Guillen*, 561 F.3d at 529-530)—nothing prevents him from bargaining his right to appeal (including his right to assert on appeal a follow-on statutory or constitutional claim) in exchange for, among other benefits, "the benefit of the government's dropping … additional counts."  *Id.* at 608-609.

The contrary arguments outlined at the September 6 hearing are unpersuasive.  At the hearing, it was suggested that, if a later decision by the court of appeals or Supreme Court holds that the statute of conviction does not reach the defendant's charged conduct or that the statute is unconstitutional, enforcing the appeal waiver may be inconsistent with the Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798 (2018).  That suggestion is incorrect.  In *Class*, the defendant entered into a plea agreement that waived the defendant's right to appeal certain categories of claims, but that "said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional."  *Id.* at 802.  The Supreme Court in *Class* made clear that the defendant's challenge to the constitutionality of the statute of conviction did "not

contradict the terms of … the written plea agreement" and did "not fall within any of the categories of claims that [the defendant's] plea agreement forbids him to raise on direct appeal." *Id.* at 804-805.  The Court held that, in the absence of such an express waiver, the defendant's "guilty plea by itself" did not bar him from "challenging the constitutionality of the statute of conviction on direct appeal." *Id.* at 803.  Here, by contrast, the plea offer contained an express waiver that encompassed both constitutional challenges and the argument that the defendant's conduct does not fall within the scope of the statute(s).  Nothing in *Class* calls into question a defendant's ability to expressly waive his right to directly appealing his conviction—including on the basis of subsequently announced statutory or constitutional precedent—so long as the waiver is knowingly and voluntarily made.

Any claim that enforcing the appeal waiver in those circumstances would amount to a miscarriage of justice is also meritless.  As the D.C. Circuit recently reaffirmed, holding a criminal defendant "to the terms of his appeal waiver"—including an appellate waiver that relinquishes the right to assert potentially dispositive statutory and constitutional claims—does not "work any miscarriage of justice." *In re Sealed Case*, 40 F.4th at 608.  The D.C. Circuit's recent decision in *In re Sealed Case* is illustrative.  In that case, the defendant "identified early on that he had questions about whether the circumstances of [his] case involved" the conduct prohibited under the statute of conviction, and "both he and the government were aware of the issue during the bulk of the proceedings in the district court." *Ibid.*  With all parties aware of the dispute, "the government presented [the defendant] with a choice." *Ibid.*  The defendant "could accept a plea offer pursuant to which the government would drop three of the counts against him," in which case the defendant "would waive his ability to raise in an appeal his potential objection to the government's understanding of" the statute of conviction. *Ibid.*  "Alternatively," the defendant

5

could persist in his statutory argument and "file a motion to dismiss, knowing that, if he did so, the government might withdraw its plea offer." *Ibid.* Observing that the defendant "considered both options … with the advice of counsel" and that "both parties had every reason to understand that [the defendant] was choosing not just whether to plead guilty, but also whether to accede (or object) to the government's understanding of" the statute, the court of appeals held that "enforcing his appeal waiver would not work any miscarriage of justice." *Id.* at 608-609.

This case would be analogous: had the defendant accepted the government's plea offer, holding him to that choice, including its appeal waiver, would not work any miscarriage of justice, regardless of whether the court of appeals or the Supreme Court later disagrees, in another case, with the government's reading of the statute of conviction.

Finally, lest there be any confusion, enforcing such an appeal waiver as written would not put the defendant to a binary choice between (i) permanently abandoning any prospect of relief based on a later-announced precedent; or (ii) contesting the factual charge against him at a full trial on the merits. As the government explained at the hearing, if a defendant is prepared to truthfully admit the conduct comprising the offense charged, but wishes to retain his right to appeal the charge's legal sufficiency or the statute's constitutionality, he can do so, for example, by requesting a trial on a stipulated record. In appropriate circumstances, a defendant who agrees to such a proceeding may still receive the benefit of acceptance of responsibility at sentencing. *See* U.S.S.G. § 3E1.1 app. note 2. Alternatively, a defendant may accept the government's plea offer, including its appeal waiver, and confide in the possibility that the government may, in its discretion, decline to enforce the waiver if a later-issued precedent renders the defendant's charged conduct non-criminal or the statute of conviction unconstitutional. What a defendant cannot do is extract benefits that the government conditions on the defendant's acceptance of a full appeal

6

waiver (here, the dismissal of Counts Three through Nine, among other benefits) and yet "avoid[] one of the known costs of his plea agreement by reviving the very claim he opted to relinquish." *In re Sealed Case*, 40 F.4th at 609.

September 14, 2022                    Respectfully submitted,

                                                         By:    /s/ Francesco Valentini
                                                                Francesco Valentini
                                                                D.C. Bar No. 986769
                                                                Trial Attorney
                                                                U.S. Department of Justice
                                                                Criminal Division, Appellate Section
                                                                Detailed to the D.C. United States Attorney's Office
                                                                601 D Street NW
                                                                Washington, D.C. 20530
                                                               (202) 598-2337
                                                               francesco.valentini@usdoj.gov

                                          By:    /s/ Cindy Cho
                                                               Cindy J. Cho
                                                               Member of NY Bar
                                                               Assistant United States Attorney
                                                               Detailed to the D.C. United States Attorney's Office
                                                               10 W. Market St., Ste 2100
                                                               Indianapolis, IN 46204
                                                               (317) 246-0107
                                                               cindy.cho@usdoj.gov

                                          By:    /s/ James I. Pearce
                                                               James I. Pearce
                                                               N.C. Bar No. 44691
                                                               Appellate Counsel, Capitol Siege Section
                                                               United States Attorney's Office
                                                               601 D Street NW
                                                               Washington, D.C. 20530
                                                               james.pearce@usdoj.gov