**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 1:21-cr-00022-CKK** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER RAY GRIDER,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>**

In accordance with the Court's June 7, 2022 Pretrial Scheduling Order (ECF No. 100), as modified by the Court's September 22, 2022 minute order, the government proposes the attached jury instructions.  Counsel for the defendant has reviewed these instructions and will set forth any response in a separate filing.

## COUNT ONE: OBSTRUCTING OFFICERS DURING A CIVIL DISORDER, 18 U.S.C. § 231(a)(3)

### Elements

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:[1]

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

### Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[2]

---

[1] *See United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-CR-104 (NEB/TNL), 2021 WL 942101, at *7 (D. Minn. Mar. 12, 2021).

[2] 18 U.S.C. § 232.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[3]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[4]

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[5]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[6]

For the U.S. Capitol Police, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[7]

**<u>Attempt</u>**[8]

In order to find the defendant guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

---

[3] Modified definition of 18 U.S.C. § 232(2) from jury instructions *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

[4] 18 U.S.C. § 232(3).

[5] 18 U.S.C. § 6; 5 U.S.C. § 101.

[6] 18 U.S.C. § 6.

[7] 2 U.S.C. §§ 1961, 1967.

[8] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.09; Third Circuit Pattern Jury Instructions, 7.01.

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder.

Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**[9]

In order to find the defendant guilty of obstructing officers during a civil disorder because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following four requirements:

First, others committed obstructing officers during a civil disorder by committing each of the elements of the offense charged.

---

[9] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions, 7.02.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed some act or acts in furtherance of the offense charged.

Fourth, that the defendant knowingly performed that act or those acts for purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not

find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor.  The

government must prove beyond a reasonable doubt that the defendant in some way participated in

the offense committed by others as something the defendant wished to bring about and to make

succeed.

## COUNT TWO: OBSTRUCTION OF AN OFFICIAL PROCEEDING, 18 U.S.C. §§ 1512(c)(2), 2

### Elements

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

### Definitions[10]

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used

---

[10] For the definition of "official proceeding": 18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, §§ 1512 & 1515(a)(1)).

This Court has found the same in this case.  *See* Order, Dkt. 78 at 6-9.  Other courts have also held that Congress's Joint Session to certify the Electoral College vote on January 6, 2021 was an "official proceeding": *United States v. McHugh*, No. CR 21-453 (JDB), 2022 WL 296304, at *7 (D.D.C. Feb. 1, 2022); *United States v. Sandlin*, 575 F. Supp. 3d 16, 23 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69 (D.D.C. 2021).

For the assertion that the proceeding need not be pending: 18 U.S.C. § 1512(f)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable): *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

in Count Two, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[11]

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.[12]

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

---

[11] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.10 ("Definition of Knowingly"); *see also* Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly").

[12] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1512 (Definition of "Corruptly"); *Arthur Andersen LLP v. United States,* 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990) *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *Sandlin*, 575 F. Supp. 3d at 31–34; *United States v. Caldwell*, 581 F. Supp. 3d 1, 19 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *Montgomery*, 578 F. Supp. 3d at 80–84; *United States v. Nordean*, 579 F. Supp. 3d 28, 48–49 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 906 (9th Cir. 2022).

**<u>Attempt</u>**

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official

proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### Aiding and Abetting[13]

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

These elements have the same meanings described in the "Aiding and Abetting" instruction for Count One.

---

[13] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions, 7.02.

## COUNT THREE: DESTRUCTION OF GOVERNMENT PROPERTY, 18 U.S.C. § 1361

### Elements

In order to find the defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property.[14]

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof, or any property which had been or was being manufactured or constructed for the United States, or any department or agency thereof; however, the government does not need to prove that the defendant knew that the property belonged to the United States.[15]

---

[14] Although Section 1361 refers to committing a "'depredation' against" property, the Modern Federal Jury Instructions do not use that term, instead using "damaged (*or* destroyed)," because "the term used in the statute – 'depredation' – is unlikely to be in the vocabulary of the average juror. . . . Instead, as courts routinely refer to 18 U.S.C. § 1361 as involving 'damage' to government property, that term is substituted." 2 Modern Federal Jury Instructions, ¶ 44A.01, Comment to Instruction 44A-4 (footnote with case citations omitted). Similarly, the Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (Eric William Ruschky, 2020 Online Edition) use "injured or damaged" for this element.

[15] *United States v. LaPorta*, 46 F.3d 152, 158–59 (2d Cir. 1994) (Section 1361 does not require proof that defendants know that they are destroying government property; government's title to property is jurisdictional fact, not a scienter requirement); *United States v. Krause,* 914 F.3d 1122, 1127 (8th Cir. 2019) ("The plain language of the statute unequivocally does not demand that a person have knowledge that the property willfully injured or destroyed belongs to the United States. Although the word 'willfully' requires that Krause acted knowingly and voluntarily, the terms does not relate to the latter phrase: 'property of the United States.' This language merely lays out a jurisdictional prerequisite: the property must belong to the United States for a person to be guilty of this offense.") (citation omitted).

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.[16]

**Definitions**

A defendant acts "willfully" if he acted with a bad purpose or knowledge that his conduct was unlawful. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[17]

**Attempt**

In order to find the defendant guilty of attempt to injure, damage, or destroy property of the United States, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of injuring, damaging, or destroying property of the United States.

Second, that the defendant took a substantial step toward committing that crime which strongly corroborates or confirms that the defendant intended to commit that crime.

These elements have the same meanings described in the "Attempt" instruction for Count One.

---

[16] Section 1361 provides that the offense is a felony punishable by up to ten years' imprisonment if the damage to government property exceeds $1,000, but it is only a misdemeanor offense if the damage does not exceed $1,000.

[17] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

**Aiding and Abetting**

In order to find the defendant guilty of injuring, damaging, or destroying property of the United States because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others injured, damaged, or destroyed property of the United States.

Second, that the defendant knew that injuring, damaging, or destroying property of the United States was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of injuring, damaging, or destroying property of the United States.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of injuring, damaging, or destroying property of the United States.

These elements have the same meanings described in the "Aiding and Abetting" instruction for Count One.

## COUNT FOUR: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS, 18 U.S.C. § 1752(a)(1)

### Elements[18]

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant did so knowingly.

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count Two.

---

[18] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

## COUNT FIVE: DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING, 18 U.S.C. § 1752(a)(2)

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Definitions

"Disorderly" conduct is that which "tends to disturb the public peace, offend public morals, or undermine public safety."  "Disorderly," *Black's Law Dictionary* (9th ed. 2009); *see also* "Disorderly," *Oxford English Dictionary* (2nd ed. 1989) ("Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.").

Conduct is "disruptive" if it "tend[s] to disrupt some process, activity, condition, etc." "Disruptive," *Merriam-Webster.com Dictionary* (Nov. 3, 2022).

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts Two and Four.

15

## COUNT SIX: ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING, 18 U.S.C. § 1752(a)(4)

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence against any person or property in any restricted building or grounds.

Second, that the defendant did so knowingly.

### Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.[19]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts Two and Four.

---

[19] *See* 40 U.S.C. § 5104(a)(1).

## COUNT SEVEN: DISORDERLY CONDUCT IN A CAPITOL BUILDING, 40 U.S.C. § 5104(e)(2)(D)

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[20]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Five defining "disorderly conduct" and "disruptive conduct."

The term "willfully" has the same meaning described in the instructions for Count Three.

The term "knowingly" has the same meaning described in the instructions for Count Two.

---

[20] 40 U.S.C. § 5101.

## **COUNT EIGHT: ACT OF PHYSICAL VIOLENCE IN A CAPITOL BUILDING, 40 U.S.C. § 5104(e)(2)(F)**

### **Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in any of the United States Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

### **Definitions**

The term "act of physical violence" has the same meaning described in the instructions for Count Six.

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts Two, Three, and Seven.

## COUNT NINE: PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING, 40 U.S.C. § 5104(e)(2)(G)

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

### Definitions

The terms "parade" and "picket" have their ordinary meanings.  To "parade" means to take part in "[a] march or procession, organized on a grand scale, in support of some political object." "Parade," Oxford English Dictionary (2nd ed. 1989); *see also* "Parade," Merriam-Webster.com Dictionary (Nov. 3, 2022) ("to march in or as if in a procession").

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[21] It may also mean to take part in "[a] public manifestation, by a number of persons, of interest in some public question, or sympathy with some political or other cause; usually taking the form of a procession and mass-meeting." "Demonstration," Oxford English Dictionary (2nd ed. 1989); *see also* "Demonstration," Merriam-Webster.com Dictionary (Nov. 3, 2022) (to take part in "a public display of group feelings toward a person or cause," e.g., "peaceful *demonstrations* against the government" (emphasis original)).

---

[21] *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts Two, Three, and Seven.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:

__/s/ Cindy J. Cho_____
CINDY J. CHO
Assistant United States Attorney
Member of NY Bar
Detailed to the U.S. Attorney's Office for the
District of Columbia
10 W. Market St., Ste 2100
Indianapolis, IN 46204
(317) 246-0107
Cindy.Cho@usdoj.gov

FRANCESCO VALENTINI
Trial Attorney
D.C. Bar No. 986769

MICHAEL BARCLAY
Assistant United States Attorney
Member of NY Bar

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2022, I caused a copy of the foregoing motion to be

served on counsel of record via electronic filing.

\_\_/s/ Cindy J. Cho_____
Cindy J. Cho
Assistant United States Attorney
