IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  *Plaintiff*,

v().

CHRISTOPHER RAY GRIDER.

  *Defendant.*

Criminal Action No. 21-22 (CKK)

**DEFENDANT'S OBJECTIONS TO
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

    CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, submits the following objections to the Government's Proposed Jury Instructions filed on November 20, 2022 (ECF Dkt. 127).

    First and foremost, Mr. Grider renews his objections previously raised in his motions to dismiss the various counts alleged against him and gives the following position regarding the Government's proposed jury instructions without waiving those objections.

**Count 1: Obstructing Officers During a Civil Disorder**

    Mr. Grider objects to the third element of this offense (p. 2) requiring proof that the civil disorder in any way or degree obstructed, delayed, or adversely affected *the conduct of performance of any federally protected function* based on the reasons set

1

forth in his Motion to Dismiss Counts One, Two, Four, Five, and Six of the Superseding Indictment and supporting memorandum of law. *See* ECF Dkt. 101 (motion), 101-1 (memorandum). This Court did not reach Mr. Grider's argument that the electoral college certification proceeding was a "federally protected function" for purposes of Section 231, instead holding that "Congress has the constitutional authority to regulate civil disorders within the District of Columbia." *See* Memorandum Opinion of July 29, 2022, ECF Dkt. 114 at 7–8, n. 4. Accordingly, he submits that the "federally protected function" part of the third element should not be considered by the Court. Nor should it consider or apply the relevant definitions ("federally protected function," "department," "agency") (p. 3).

**Count Two: Obstruction of an Official Proceeding**

While his objections to the applicability of this statute have been given great consideration by this Court, Mr. Grider nevertheless renews his objections raised in his previous motions to dismiss the counts alleging a violation of 18 U.S.C. § 1512(c) in order to properly preserve (and not waive) any possible error.

Mr. Grider has no further objection to the elements of the offense as proposed by the Government (p. 7).

Consistent with his objections, however, he submits that the following definitions should be used instead of those proposed by the Government:

- The term "official proceeding" means a proceeding related to the administration of justice before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, a Federal grand jury, or Congress acting pursuant to its legislative power of inquiry. (p. 7).

- A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.[1] (p. 8).

Regarding the Government's proposed instructions as it relates to an *attempt* to commit obstruction of an official proceeding (p. 9), in addition to the objections raised *supra*, Mr. Grider objects to the missing, critical element that the defendant acted corruptly, as well as reference to the definition of "corruptly." Accordingly, Mr. Grider proposes a third element requiring the Government to prove beyond all reasonable doubt that the defendant acted corruptly in order to prove that the defendant attempted to commit obstruction of an official proceeding.

Likewise, the Government's proposed instructions as it relates to *aiding and abetting* the commission of obstruction of an official proceeding by others (p. 10) is also missing the critical element that the defendant acted corruptly, as well as reference to the definition of "corruptly." Accordingly, Mr. Grider proposes a sixth element requiring the Government to prove beyond all reasonable doubt that the defendant acted corruptly in order to prove that the defendant aided and abetted the commission of obstruction of an official proceeding by others.

**Count Three: Destruction of Government Property**

Mr. Grider has no objections to these instructions.

**Count Four: Entering and Remaining in a Restricted Building of Grounds**

Mr. Grider has no further objections to these instructions beyond those raised in his Motion to Dismiss Counts One, Two, Four, Five, and Six of the Superseding

---

[1] The William J. Bauer Criminal Jury Instructions of the Seventh Circuit at 718 (2022 ed.).

Indictment and supporting memorandum of law. Without waiving his objections, he intends to stipulate that the evidence will establish beyond a reasonable doubt that he committed each one of the elements proposed by the Government as to this count.

**Count Five: Disorderly or Disruptive Conduct in a Restricted Building of Grounds**

Mr. Grider has no further objections to these instructions beyond those raised in his Motion to Dismiss Counts One, Two, Four, Five, and Six of the Superseding Indictment and supporting memorandum of law.

**Count Six: Disorderly or Disruptive Conduct in a Restricted Building of Grounds**

Mr. Grider has no further objections to these instructions beyond those raised in his Motion to Dismiss Counts One, Two, Four, Five, and Six of the Superseding Indictment and supporting memorandum of law.

**Count Seven: Disorderly Conduct in a Capitol Building**

Mr. Grider has no objection to these instructions.

**Count Eight: Act of Physical Violence in a Capitol Building**

Mr. Grider has no objection to these instructions.

**Count Nine: Parading, Demonstrating, or Picketing in a Capitol Building**

Mr. Grider has no objection to these instructions. He intends to change his plea and plead guilty to this count prior to trial.

WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests this Honorable Court sustain his objections and apply the law as proposed herein.

Date: November 28, 2022                Respectfully Submitted,

                                              **MAYR LAW, P.C.**

                                              by: /s/ T. Brent Mayr
                                              T. BRENT MAYR
                                              Texas State Bar Number 24037052
                                              D.C.D.C. Bar ID TX0206
                                              bmayr@mayr-law.com

                                              5300 Memorial Dr., Suite 750
                                              Houston, TX 77007
                                              Telephone:  713-808-9613
                                              Fax:  713-808-9991

                                              ATTORNEY FOR THE DEFENDANT,
                                              CHRISTOPHER RAY GRIDER


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of these objections were sent to Counsel for the Government, Cindy Cho, Francesco Valentini, and Michael Barclay, on November 28, 2022, via ECF and email.

                                              /s/ T. Brent Mayr
                                              T. BRENT MAYR