IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff*,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER.<br><br>  *Defendant*. | Criminal Action No. 21-22 (CKK) |

**DEFENDANT'S MOTION TO PERMIT WITNESSES
TO APPEAR BY VIDEOCONFERENCE**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF COLUMBIA:

CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, moves this Court to permit two witnesses to appear by videoconference to give testimony on behalf of Mr. Grider at his bench trial presently scheduled for December 12, 2022.

1. Mr. Grider's case is scheduled for a bench trial to commence on December 12, 2022. He has given notice of his intent to call multiple witnesses to testify on his behalf at the trial. *See* ECF Dkt. 132.

2. Two of the witnesses, R.S. and R.F., reside in Central Texas. R.S. will be testifying as a fact witness. She was one of the first individuals to speak with Mr. Grider after he left the Capitol grounds and will testify as to his then-present state of mind, as well as providing details regarding her contact with Mr. Grider. R.F. will be testifying as a character witness pursuant to Rule 404(a)(2)(A) of the Federal

1

Rules of Evidence and offering specific acts of relevant conduct under Rule 405(b) of the Federal Rules of Evidence.

3. As this Court indicated at the status conference on November 21, 2022, it intends to issue an order regarding COVID procedures setting forth various restrictions for the upcoming trial. Due to the COVID-19 pandemic, on November 9, 2022, Judge Howell entered Final Standing Order 22-64 which further authorizes the use of video teleconferencing for various proceedings, noting that videoconferencing "helps reduce the risk of exposure and transmission of the [COVID-19] virus that may arise from in-person proceedings." Standing Order 22-64 (BAH) at 3. As the order further notes, "It also limits the need for travel by out-of-town defendants, families, attorneys, and interested members of the public and mitigates the health and safety risks posed to some by such travel to appear in person in the courthouse." *Id.* And, "It reduces the numbers of people in the courthouse generally and ensures that certain proceedings may continue on schedule even if a participant, or judge, is required to be in quarantine, is ill, or is otherwise impacted by the pandemic and unable to appear in person." *Id.* at 3–4.

4. Although a bench trial is not one of the enumerated criminal proceedings in Section 15002(b)(1) of the CARES Act which Standing Order 22-64 is based upon, Mr. Grider submits that such a proceeding is so similar to other proceedings where a judge acts as a factfinder (e.g. detention hearings under 18 U.S.C. § 3142; preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure; probation and supervised release revocation proceedings under Rule 32.1 of the Federal

Rules of Criminal Procedure) that this Court should permit these witnesses to appear to testify by videoconference. Mr. Grider's Sixth Amendment Confrontation Clause rights are not implicated by this request as these witnesses are offering favorable testimony on his behalf. *See United States v. DeLeon*, 287 F. Supp. 3d 1187, 1245 (D.N.M. 2018) ("A Confrontation Clause violation does not occur when a defendant calls a non-hostile witness telephonically or via videoconference.").

5. Because both witnesses reside in Central Texas, they will have to travel close to 1,500 miles roundtrip to Washington, D.C. to testify in person. R.S.'s travel is hampered by not only her work obligations, but the fact that she has a young child under 2 years old that she must care for. R.F. will also have to make arrangements to miss work and be away from his family, including two children, one of which is in elementary school and another in high school. Both witnesses' employers do not require masks in their workplaces to limit the spread of infection. Both witnesses' children's schools/day care facilities also do not require masks to limit the spread of infection. In short, allowing these witnesses to appear by videoconference, consistent with the interest set out in Standing Order 22-64, "limits the need for [their] travel" and "mitigates the health and safety risks posed to some by such travel to appear in person in the courthouse." *Id.* at 3.

6. Undersigned counsel has conferred with counsel for the Government and they are opposed to this motion.

    WHEREFORE, PREMISES CONSIDERED, Mr. Grider respectfully requests

this Honorable Court permit witnesses R.S. and R.F. to appear by videoconference to give testimony on behalf of Mr. Grider at his bench trial presently scheduled for December 12, 2022.

Date: <u>December 1, 2022</u>             Respectfully Submitted,

**MAYR LAW, P.C.**

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9991

ATTORNEY FOR THE DEFENDANT,
CHRISTOPHER RAY GRIDER

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Cindy Cho, Francesco Valentini, and Michael Barclay, on December 1, 2022, via ECF and email.

<u>/s/ T. Brent Mayr</u>
T. BRENT MAYR

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Counsel for the Government, Cindy Cho, regarding this motion and, on behalf of the Government, they are opposed to it.

<u>/s/ T. Brent Mayr</u>
T. BRENT MAYR