*[Handwritten: Judge Kollar-Kotelly / Dec 6, 2022]*

*[Stamp: MOTION TO FILE GRANTED]*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 21-cr-22-CKK |
| **CHRISTOPHER RAY GRIDER,** | |
| Defendant. | |

### RISSA SHAW'S MOTION TO JOIN
### GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND
### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**HAYNES AND BOONE LLP**

Michael J. Scanlon (D.C. Bar No. 1048644)
800 17th St. NW, Suite 500
Washington D.C., 20006
Telephone: (202) 654-4570
michael.scanlon@haynesboone.com

Catherine Robb (Texas Bar No. 2407924)*
Michael J. Lambert (D.C. Bar No. 1028954)*
600 Congress Ave. Suite 1300
Austin, TX 78701
Telephone: (512) 867-8421
catherine.robb@haynesboone.com
michael.lambert@haynesboone.com

*Pro hac vice* motion submitted herewith

*Attorneys for Movant Rissa Shaw*

Rissa Shaw ("Ms. Shaw"), through undersigned counsel, respectfully requests that the Court grant leave for her to join Gray Media Group, Inc's ("Gray") Motion to Quash and Memorandum of Points and Authorities in Support Thereof, Dkt. 135 ("Gray's Motion to Quash"), present supplemental facts[1] and legal argument, and quash the subpoena.

In the interests of judicial economy, Ms. Shaw adopts and incorporates by reference Gray's Motion to Quash, its Exhibits, and the Declaration of Charles D. Tobin. Gray's Motion to Quash asks the Court to quash a criminal trial subpoena served by Defendant Christopher Ray Grider on Ms. Shaw for her testimony and unpublished newsgathering materials. Ms. Shaw—a journalist for KWTX-TV, a Waco, Texas-based television station owned and operated by Gray—seeks the same relief as Gray, and the facts and legal arguments presented in Gray's Motion to Quash apply equally to Ms. Shaw. In addition, Ms. Shaw asks to supplement Gray's Motion to Quash with additional facts and legal argument. For the reasons stated in Gray's Motion to Quash and below, the subpoena should be quashed.

## SUPPLEMENTAL ARGUMENT

A Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). The burden of satisfying the "exacting standards" of this three-part test falls "on the party requesting the information." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 386–87 (2004). When determining whether the test is met, courts ask whether a subpoena is "unreasonable" or "oppressive." *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be

---

[1] *See* Declaration of Rissa Shaw ("Shaw Decl."), a true and correct copy of which is being filed as Exhibit A.

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

unreasonable or oppressive."). Courts also consider if the subpoena is necessary, cumulative, broad, speculative, or unduly burdensome. *See United States v. North*, 708 F. Supp. 402, 404 (D.D.C. 1989) (subpoenas must satisfy the "standards of relevance, materiality and necessity"); *In re Sealed Case*, 121 F.3d 729, 754-55 (D.C. Cir. 1997) ("Rule 17(c) precludes use of a trial subpoena to obtain evidence . . . where the claim that subpoenaed materials will contain such evidence represents mere speculation.").

Defendant fails to meet his burden because the subpoena is not only immaterial, speculative, and overly broad—it is also unduly burdensome and oppressive. It should thus be quashed.

## I. The Subpoena Should Be Quashed under Rule 17 Because It Seeks Cumulative Information Already in Defendant's Possession.

The subpoena, which requests "[a]ny notes or records related to [Ms. Shaw's] interview of Christopher Grider on January 6, 2021," is unnecessary because it seeks information already in Defendant's possession. *See United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 489 (2021) (a court has discretion to quash a Rule 17 subpoena "[w]here the testimony sought is cumulative or immaterial.").

Ms. Shaw does not possess any notes or records related to her interview with Defendant that are not already in his possession or aired publicly. Shaw Decl. ¶ 5. The videos of the events on January 6, 2021 were recorded by Defendant and published in connection with the KWTX-TV Report the same day ("Report"). *Id.* Any materials, including photographs, videos, and communications, received on January 6, 2021 concerning Defendant's conduct on that day are in Defendant's possession or available publicly. Shaw Decl. ¶ 5. There is no need to seek these records from Defendant when they are already available to him. *See United States v. Schneider*,

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

2003 U.S. Dist. LEXIS 27324, at *18-21 (N.D. Cal. Nov. 18, 2003) (quashing subpoena to news organization as "unreasonable" and "cumulative" when it demanded items already in the requester's possession). Any materials regarding Defendant not concerning his conduct on January 6, 2021 are not relevant to the charges against him.

II.     **The Subpoena Should Be Quashed under Rule 17 Because It Is Speculative and Unduly Broad.**

This Court has explained that Rule 17 "is not satisfied merely because a defendant can articulate what they *hope* to find in the subpoenaed evidence." *United States v. Fitzsimons*, 342 F.R.D. 18, 20 (D.D.C. 2022) (emphasis added). Rather, the issuing party "must show a *reasonable likelihood* that the [subpoenaed materials] contain relevant evidence." *Id.* at 21 (emphasis added). Without providing details, Defendant alleges that Ms. Shaw "will testify as to his then-present state of mind, as well as providing details regarding her contact with Mr. Grider." *See* Motion to Permit Witnesses to Appear by Videoconference, Dkt. 134.[2] These wide-ranging categories of potential testimony are speculative and overly broad.

Defendant fails to explain what type of "state of mind" testimony he is seeking. Regardless, state of mind testimony "does not fall within the category of allowable opinion testimony by lay witnesses." *United States v. Brown*, 938 F.2d 1482, 1488 (1st Cir. 1991); *see* Fed R. Evid. 701 (a witness' opinion must be based on something the witness has actually perceived).

The request for "details regarding [Ms. Shaw's] contact with Mr. Grider" is "unduly broad" because it contains no limitations. *See North*, 708 F. Supp. at 404. In *United States v. North*, this

---

[2] *See also* Decl. of Charles D. Tobin ¶ 3 ("Tobin Decl."), Dkt. 135-1 (Defendant's counsel explained that he "intended to elicit testimony from Ms. Shaw about her interactions with Defendant, specifically (1) what Defendant said to her, and (2) her impressions of Defendant's mental state at the time of the interview.").

Court denied a request for the issuance of a subpoena seeking "spiral bound stenographer's notebooks" used over a three-year period because it was "too broad." *Id.* Like the subpoena in *North*, the request for Ms. Shaw's contact with Defendant is limitless. *Id.* The subpoena contains no time constraints and theoretically could apply to countless unrelated "contacts" since 2016. *See* Shaw Decl. ¶ 4. It also fails to specify what types of contacts Defendant seeks or what medium, if any, the contacts may be located in. Because of the subpoena's breadth, it could "sweep within its ambit" a wide range of information not relevant to the criminal allegations against Defendant. *Id.* This type of imprecise demand is "too broad" and should not be permitted. *Id.*

Ms. Shaw cannot prepare to testify on December 12, 2022 if she does not know what she is testifying to or what, if any, materials she should bring to the trial. This broad, speculative "fishing expedition" does not comply with Rule 17. *See United States v. Libby*, 432 F. Supp. 2d 26, 34 (D.D.C. 2006) (subpoena for reporter's notes was "a discovery fishing expedition, which is an impermissible use of Rule 17(c)"); *see also Nixon*, 418 U.S. at 700 (courts consider whether the subpoena was "intended as a general 'fishing expedition'" under Rule 17).

### III. The Subpoena Should Be Quashed under Rule 17 Because It Is Unreasonable and Oppressive.

Although the justifications outlined in Gray's Motion to Quash and above are more than enough to quash the subpoena, the subpoena features another flaw—it places an undue burden on Ms. Shaw. Ms. Shaw is a resident of West, Texas and a full-time Gray employee. Shaw Decl. ¶ 2. She is also mother of a child under two years old and has other non-work responsibilities. *Id.* Requiring her to travel across the country to D.C. and stay overnight to testify on December 12, 2022 at 9:00 a.m. would be oppressive, especially given the subpoena's other deficiencies. *See*

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

*United States v. Haldeman*, 559 F.2d 31, 75 (D.C. Cir. 1976) (Rule 17(c) "is not a discovery device" and "authorizes the quashing of the subpoena if it is 'unreasonable or oppressive.'").

Defendant concedes that demanding Ms. Shaw's appearance in person for the trial is burdensome. In his Motion to Permit Witnesses to Appear by Videoconference, which the Court denied, Defendant states that Ms. Shaw "will have to travel close to 1,500 miles roundtrip to Washington, D.C. to testify in person." Dkt. 134. Defendant agrees that Ms. Shaw's "travel is hampered by not only her work obligations, but the fact that she has a young child under 2 years old that she must care for." *Id.* Yet despite acknowledging these burdens, Defendants insists on demanding Ms. Shaw's testimony.[3]

## IV.  Quashing the Subpoena Would Preserve the Editorial Independence of Ms. Shaw and Other Journalists and Ensure the Free Flow of Newsworthy Information.

The U.S. Supreme Court has recognized that "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg v. Hayes*, 408 U.S. 665, 681, 707 (1972). When courts consider whether to compel a reporter to testify, they should "be mindful of the preferred position of the First Amendment and the importance of a vigorous press." *Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981). "Indeed, if the [reporter's] privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished." *Id.*; *see also Carey v. Hume*, 492 F.2d 631, 639 (D.C. Cir. 1974) ("compelled disclosure by a journalist" should be a "last resort").

Ms. Shaw asks that the subpoena be quashed not only for herself but to preserve the editorial independence of the press and ensure the free flow of newsworthy information to the

---

[3] Counsel for the U.S. Government, on the other hand, agrees that Ms. Shaw is not a necessary witness. *See* Gray's Motion to Quash p. 4 (citing Tobin Decl. ¶ 6).

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

5

public. Shaw Decl. ¶ 10. The policy against requiring testimony from journalists "is a recognition that society's interest in protecting the integrity of the news gathering process, and in ensuring the free flow of information to the public, is an interest of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal citations omitted).

After 13 years as a reporter, Ms. Shaw understands the critical and sensitive nature of trust between reporters and sources. Shaw Decl. ¶ 10. If sources believe she will share information obtained through newsgathering with courts, they will not trust her with sensitive information. *Id.*; *Zerilli*, 656 F.2d at 712 ("Unless potential sources are confident that compelled disclosure is unlikely, they will be reluctant to disclose any confidential information to reporters."). By testifying in any capacity, sources would view Ms. Shaw as an arm of the judiciary, the government, or criminal defendants when she is, in fact, an independent journalist. Shaw Decl. ¶ 10. This would prevent her from effectively doing her job of sharing information of public concern with the community. *Id.* The public, in turn, would be deprived of important newsworthy information. *Id.*; *Zerilli*, 656 F.2d at 711 ("Without an unfettered press, citizens would be far less able to make informed political, social, and economic choices.").

Requiring journalists to comply with subpoenas would (1) "burden the press with heavy costs of subpoena compliance," (2) "impair its ability to perform its duties," (3) encourage the press "to clean out files containing potentially valuable information," and (4) "risk the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties." *Gonzales v. Nat'l Broad. Co., Inc.*, 194 F.3d 29, 35 (2d Cir. 1999). Thus, Ms. Shaw requests that, in addition to the arguments in Gray's Motion to Quash and above, the Court consider these critical policy interests at issue.

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

## CONCLUSION

For the above reasons and those in Gray's Motion to Quash, this Court should grant the Motion to Join Gray's Motion to Quash, quash the subpoena, and grant all additional appropriate relief.

Dated: December 5, 2022

Respectfully submitted,

**HAYNES AND BOONE LLP**

*/s/ Michael J. Scanlon*
Michael J. Scanlon (D.C. Bar No. 1048644)
800 17th St. NW, Suite 500
Washington D.C., 20006
Telephone: (202) 654-4570
michael.scanlon@haynesboone.com

Catherine Robb (Texas Bar No. 2407924)*
Michael J. Lambert (D.C. Bar No. 1028954)*
600 Congress Ave. Suite 1300
Austin, TX 78701
Telephone: (512) 867-8421
catherine.robb@haynesboone.com
michael.lambert@haynesboone.com

*Pro hac vice* motion submitted herewith

*Attorneys for Movant Rissa Shaw*

RISSA SHAW'S MOTION TO JOIN GRAY MEDIA GROUP, INC.'S MOTION TO QUASH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December 2022, I caused true and correct copies of the above Motion to Join Gray's Motion to Quash and Memorandum of Points and Authorities in Support Thereof to be served by email and U.S. Mail First Class on the following:

| | |
|---|---|
| T. Brent Mayr<br>Mayr Law P.C.<br>5300 Memorial Dr., Suite 750<br>Houston, TX 77007<br>bmayr@mayr-law.com<br><br>*Attorney for Defendant* | Cindy Jane Cho<br>Assistant U.S. Attorney<br>U.S. Attorney's Office for<br>the District of Columbia (detailed)<br>10 W. Market St., Ste 2100<br>Indianapolis, IN 46204<br>cindy.cho@usdoj.gov |
| Charles D. Tobin<br>Maxwell S. Mishkin<br>BALLARD SPAHR LLP<br>1909 K Street NW, 12th Floor<br>Washington, D.C. 20006-1157<br>tobinc@ballardspahr.com<br>mishkinm@ballardspahr.com<br><br>*Attorneys for Movants Gray Media Group, Inc.* | Michael Lawrence Barclay<br>Assistant U.S. Attorney<br>U.S. Attorney's Office for<br>the District of Columbia<br>601 D Street NW<br>Washington, DC 20530<br>michael.barclay@usdoj.gov |
| | Francesco Valentini<br>Criminal Division, Appellate Section<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>francesco.valentini@usdoj.gov<br><br>*Attorneys for the United States of America* |

/s/ Michael J. Scanlon
Michael J. Scanlon