UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER RAY GRIDER,<br><br>    Defendant. | Criminal Action No. 21-22 (CKK) |

ORDER
(May 23, 2023)

The Court has reviewed the sentencing memoranda filed in this case. Defendant objects to the application of: (1) Guideline 2J1.2 for interfering with the administration justice (Congress' counting of the electoral votes), and (2) Guideline 3C1.1 for obstruction of justice (false testimony at trial).

As to the former, the Court explained at length in a prior ruling in another case that Guideline 2J1.2 is generally applicable to offense conduct arising from the insurrection at the United States Capitol on January 6, 2021, *United States v. Wright*, Crim. A. No. 21-344 (CKK), 2023 WL 2387816 (D.D.C. Mar. 4, 2023), and will not revisit the issue here. Rather, the Court simply incorporates its analysis in *Wright* herein.

As to the latter, the Court may apply the 3C1.1 enhancement for false testimony only upon a finding by clear and convincing evidence that Defendant "gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of mistake or faulty memory." *United States v. Gaviria*, 116 F.3d 1498, 1518 (D.C. Cir. 1997) (per curiam) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). The reasons for such a finding here are manifold and expressed in more detail in the Court's verdict, *United States v. Grider*, --- F. Supp. 3d ---, 2022 WL 17829149, at *7-8 (D.D.C. Dec. 21, 2022). Among other things, Defendant: (1) testified to one mental state during his plea allocution and then to another on the stand; (2) changed his story as to when "he understood it to be unlawful inside the Capitol" at least three times while on the stand; and (3) speciously claimed that he shouted "Our House!" "in the Capitol [because the Capitol] was the 'People's House,' and not because, as he agreed under oath in his guilty plea, he intended to protest." *Id*. Although this

\#
\#
\#

1

enhancement should, perhaps, be rarely applied against a defendant who takes the stand in his own defense, the number and speciousness of Defendant's lies during his testimony compels the conclusion, by clear and convincing evidence, that Defendant willfully provided false testimony regarding the requisite mental states for the charged offenses.

**SO ORDERED.**

**Dated:** May 23, 2023

                                                              /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge